UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY D. SOBIN, | ) |
| | ) |
| Petitioner, | ) |
| v. | )  No. 2:12-cv-0382-JMS-WGH |
| | ) |
| DICK BROWN, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Gregory Sobin for a writ of habeas corpus challenging a prison disciplinary proceeding identified as No. WVS 12-09-0033 must be **denied**.

## I. Discussion

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003).

### B. The Disciplinary Proceeding

On 19, 2012, a report of conduct ("conduct report") was written charging Sobin with possession of dangerous contraband. The report stated "[o]n 9/19/12 at approx[.] 7:00 PM a cell search was conducted in B1102. Offender Sobin, Gregory #113650 resides in B1102. A salsa bottle filled with a brown liquid substance that smells like feces was found sitting next to the toilet."

Sobin was notified of the charge when he was served with the conduct report and the notice of disciplinary hearing ("screening report"). The Screening Officer documented that Sobin "Refused Screening." Nevertheless, the screening report indicates that the screening officer was able to read Sobin his rights because the word "yes" with the screening officer's initials appear next to the listed rights which is done to confirm the rights were read. The screening officer also documented a not guilty plea and a request of a lay advocate for Sobin on the screening report. The screening officer followed up this report with a memo written 5 days after this screening and documenting Sobin's request of witnesses:

> On 9-26-12 at approximately 1:20 pm I, Screening Officer S. Carpenter, while screening Offender Sobin, Gregory #113650 on an unrelated conduct report, did discuss with the offender his verbal request for additional evidence in a previous case (WVS 12-09-0033). Offender Sobin verbally gave me his request for the additional evidence. I have listed his requests below with the responses.
>
> 1) Witness statements from Maint. Supervisor Marley and Officer B. Scott – His expected testimony is that they will state that his toilet (B-1102) was stopped up along with cells (B-1101 and B -1101)[.]
>
> **DENIED – irrelevant information – The conduct report was written for possession of dangerous contraband in a squirt bottle on the floor beside the toilet.**
>
> 2) Witness statements from Sgt. Purcell, Ofc. Harden, and Ofc. Gallagher – Their expected testimony is that they all witnessed the toilet being backed up on the following day from the incident in question.

>**DENIED – irrelevant information – The conduct report was written for possession of dangerous contraband in a squirt bottle on the floor beside the toilet.**

The disciplinary hearing was conducted on September 27, 2012, and the Hearing Officer found Sobin guilty of possession of dangerous contraband. The sanctions recommended and approved were an earned credit-time deprivation of 60 days, a credit class demotion from credit class I to credit class II (this sanction was imposed based on a previously suspended sanction in case WVS 12-09-0023), 6 months in disciplinary segregation, a 1-month loss of telephone privileges and a written reprimand of "don't have feces in your cell in squirt bottle." These sanctions were imposed because of the seriousness of the offense and the likelihood the sanctions would have a corrective effect on the offender's future behavior. *Id.* In making this determination, the Hearing Officer relied on the staff reports, photographs, confiscation form and the offender's statement documented on the hearing report as "9/17, 9/18 & 9/19/12 Marley had been coming to our cells because the toilets have been backing up – there was a bowl & [a] bottle where I had taken it out of my toilet to keep it from backing up in my cell & on the floor. I don't play." Sobin appealed unsuccessfully.

### C. Analysis

Sobin argues that 1) he was denied his right to present witnesses and evidence; and 2) he did not have a fair hearing by an impartial hearing officer.

Sobin asserts that he was denied his right to call witnesses and present evidence because the screening officer "falsely stat[ed] Sobin refused screening" and "Screening Officer Carpenter did not mark down verbatim what I said." Sobin further argues that he sent four letters to the screening office "requesting [to] be properly & honestly screened." Sobin argues that he was

denied witness statements from Maintenance Supervisor Marley, Officers Scott, Harden and Gallagher and Sgt. Purcell.

One of the basic requirements of due process in a prison disciplinary proceeding is the opportunity for the inmate to call witnesses and present documentary evidence in his defense. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, "there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Piggie v. Cotton,* 344 F.3d 674, 677-78 (7th Cir. 2003).

There is no irregularity in the screening process and there was no prejudicial error in deciding which requested witnesses would be permitted to give statements concerning the charge and how those statements would be made.

Sobin also argues that he did not have "a fair hearing before an impartial decision maker" because he was denied a continuance and evidence. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Wolff,* at 570–71; *see also Gaither v. Anderson,* 236 F.3d 817, 820 (7th Cir. 2000) (per curiam); *Redding v. Fairman,* 717 F.2d 1105, 1112, 1116 (7th Cir. 1983), *cert. denied,* 465 U.S. 1025 (1984). Federal courts employ an initial presumption that disciple hearing officers properly discharge their duties. *See Bracy v. Gramley,* 520 U.S. 899, 909 (1997). This presumption can be overcome with "clear evidence to the contrary." *See United States v. Armstrong,* 517 U.S. 456, 464 (1996). Sobin has failed to rebut the presumption that the hearing officer in this case acted appropriately. *See, e.g., Bracy,* 520 U.S. at 909 (finding the presumption "soundly rebutted" where petitioner presented evidence to support his claim that the decision maker was biased in his particular case). He is not entitled to relief as to this claim.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sobin to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are refuted by the expanded record. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:  01/08/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Gregory D. Sobin
113650
Wabash Valley Correctional Facility
Electronic Service Participant -- Court Only

All electronically registered counsel